SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRUCE D. CELEBREZZE, Bar No. 102181
BRIAN D. HARRISON, Bar No. 157123
VANESSA L. O'BRIEN Bar No. 225699
One Market Plaza, Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Plaintiff
LUMBERMENS MUTUAL CASUALTY COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO – DIVISION

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONSOLIDATED PERSONNEL SERVICES, INC., an Arizona corporation,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR BREACH OF CONTRACT, MONEY DUE AND OWING AND QUANTUM MERUIT<br><br>[JURY DEMAND INDORSED HEREIN<br>F.R. Civ. P. 38] |

NOW COMES plaintiff Lumbermens Mutual Casualty Company (hereinafter referred to as "LMC") and, for its complaint against defendant Consolidated Personnel Services, Inc. ("CPS"), alleges as follows:

## JURISDICTION AND VENUE

1.  Jurisdiction of this action is founded upon 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

-1- COMPLAINT FOR BREACH OF CONTRACT

SF/1492106v1

2. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(a) and (c) in that the defendant is subject to personal jurisdiction in this district at the time the action is commenced, the contracts at issue were entered in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

3. LMC is a corporation organized and incorporated under the laws of the State of Illinois, with its principal place of business in Long Grove, Illinois.

4. On information and belief, LMC alleges that defendant CPS is a corporation duly organized and incorporated under the laws of the State of Arizona, with its principal place of business in Phoenix, Arizona. At all pertinent times, defendant CPS conducted business in this district.

## PRELIMINARY ALLEGATIONS

5. Pursuant to a series of insurance proposals, LMC issued insurance policies providing workers' compensation and employers' liability coverage to defendant CPS:

    a. policy number 5BA 038 997-00, effective December 31, 1997 to December 31, 1998;

    b. policy number 5BA 038 078-00, effective December 31, 1997 to December 31, 1998;

    c. policy number 5BA 038 892-00, effective December 31, 1997 to December 31, 1998; and

    d. policy number 5BA 038 097-00, effective December 31, 1997 to December 31, 1998.

These insurance policies were subject to all the terms, conditions, limitations, exclusions, and endorsements contained therein, including a large risk contributory dividend plan endorsement and a coinsurance endorsement.

6. In consideration for the insurance coverage provided by LMC pursuant to the policies, defendant CPS agreed to pay to LMC premium as required by the policy terms. The policies contained provisions stating, in part:

> You will pay all premiums, when due. You will pay the premium even if part or all of the workers' compensation law is not valid. (Workers' compensation and employers' liability policy "Part Five-Premiums," Paragraph D.)

7. The policies also contained identical provisions as those set forth in Policy No. 5BA 038 997-00, which provides with respect to the "Large Risk Contributory Dividend Plan Endorsement" in pertinent part:

> The Named Insured under the policy shall be entitled to receive such refunds of unabsorbed premium (herein called dividends) as shall be determined in the absolute discretion of the Board of Directors under the contributory dividend plan applicable to this policy. Such contributory dividend plan is one under which premium earnings in excess of the requirement for losses, expenses, reserves and surplus additions are declared by the Board of Directors to be paid to such insured.

and that:

> III. PAYMENT OR RECALL OF DIVIDEND
>
> If on redetermination of the dividend, the dividend so declared is:
>
> A. Less then the dividend previously paid the Named Insured, the Named Insured, upon request by the Company, shall immediately return to the Company the amount by which shall previous dividend exceeds the latest dividend so determined.
>
> B. Greater than the dividend previously paid the Named Insured, the Company shall immediately pay to the Named Insured, the additional dividend due.

The Large Risk Contributory Dividend Plan Endorsement also states that CPS was subject to a "Preliminary and Annual Interim Determination and Redetermination Agreement" which states, in pertinent part:

> The preliminary dividend determination shall be based upon incurred losses valued as of a date approximately six months after the expiration date of 12-31-98 and such determination shall be made by the Board of Directors as soon as practicable after such valuation date. Such dividend shall be subject to

periodic redeterminations, the first five which will be made by the Company at approximately twelve-month intervals following the preliminary determination. Thereafter, twelve months will continue to be the minimum interval between redeterminations but there will be no maximum time interval. Subject to the twelve-month minimum time interval, subsequent redeterminations will be made whenever incurred losses increase as a result of the changes in any existing or newly reported claims, or upon the written request in the Named Insured. There shall be no limit to the number of redeterminations or the time interval between redeterminations. Accordingly, no dividend determination shall be final unless (1) zero dividend is earned on the basis of the total losses from closed claims, or (2) the Named Insured and the Company mutually agreed in writing that further redetermination shall be waived.

8.  The policies also contained identical provisions as those set forth in Policy No. 5BA 038 997-00, which provides with respect to the "Coinsurance Endorsement" in pertinent part:

> In consideration of the potential return of premium in the form of dividend under the large risk contributory dividend plan (see endorsement) and only with respect to policies indicated below and any renewals thereof within the Term of Agreement, you agree to act as a co-insurer in accord with the terms and conditions of this endorsement.
>
> You agree to reimburse us an amount equal to a loss conversion factor of 1.00 times the amount by which Total Plan Losses exceeds the loss capacity of the Large Risk Contributory Dividend Plan, i.e., the least amount of total plan losses that results in no dividend under the plan, all times the appropriate tax multiplier.

9.  Based upon the determinations made persuant to the Policies, on or about June 28, 2000, LMC sent an invoice to defendant CPS, which CPS refused to pay. Thereafter, a dispute arose between LMC and CPS over payments due under the Policies.

10. On February 20, 2001 LMC filed a civil action against CPS captioned "<u>Lumbermens Mutual Casualty Company, Plaintiff, v. Consolidated Personnel Services, Inc., Defendant</u>, United States District Court, Northern District of California, Action No. 01 0743 MJJ ARB ("the Action").

11. In July 2002, LMC and CPS resolved all of their differences in connection with the Policies and the Action per a Settlement Agreement and Mutual Full and Final Release ("Settlement Agreement"), with the exception of what is described in Paragraph 2 of the Settlement Agreement as the "Knaiger Claim."

12. Paragraph 2 of the Settlement Agreement states:

2. <u>The Knaiger Claim</u>

An individual, Michael Knaiger, has presented a claim under the Policies which is being handled by LMC under Claim Nos. 792 CU 049242 and 792 Cu 084326. In the event that LMC is required by the Workers' Compensation Appeals Board or other legal authority to pay any sums to Michael Knaiger under the Policies, LMC shall have the right, applying the terms and conditions of the Policies, including but not limited to the Large Risk Dividend Plan and Coinsurance Endorsement, to send an invoice to CPS for the amount owed thereunder as a result of the Knaiger Claim, and CPS agrees to promptly pay that invoice. Notwithstanding the foregoing:

- CPS reserves the right to contest that it owes said invoice and, if CPS so contests, CPS and LMC shall be entitled to make such arguments as they may deem appropriate but only as is consistent with the Policies and/or applicable law.

- CPS reserves the right to conduct periodic audits of the Knaiger Claim, including audits regarding the sums paid in connection therewith.

- CPS reserves the right to designate a California attorney who specializes in workers' compensation issues to monitor and consult with LMC and its appointed adjusters and defense attorneys regarding the defense

and resolution of the Knaiger Claim. LMC agrees to cooperate and consult in good faith, on a reasonably regular basis, with the designated monitoring attorney.

- LMC agrees to consult with CPS' designated monitoring attorney before committing to any settlement of the Knaiger Claim.
- LMC acknowledges that the maximum additional amount, which could be owed by CPS under the Policies, including the Large Risk Dividend Plan and Coinsurance Endorsement, is $200,000.

13. On or around June 11, 2007, the Knaiger Claim was resolved by Compromise and Release for the amount of $240,000. Prior to and contemporaneous with the resolution of the Knaiger claim, LMC complied with all of the terms and conditions of the Policies and the Settlement Agreement.

14. After the Knaiger Claim was resolved, LMC, per the terms and conditions of the Policies and the Settlement Agreement, submitted an invoice to defendant CPS in the amount of $200,000, and CPS has refused to pay any of this amount.

15. As of the date of the filing of this complaint, defendant CPS owes LMC the sum of $200,000, plus interest and costs, in a total amount to be proven at the trial of this action.

## FIRST CAUSE OF ACTION

(Breach of Contract)

16. LMC incorporates by reference herein, as if fully stated, paragraphs 1 through 15, inclusive.

17. In entering into the Policies and the Settlement Agreement identified in the paragraphs above with LMC, defendant CPS became legally obligated to pay amounts due pursuant to the terms and conditions of the Policies

1 and of the Settlement Agreement as a result of the Knaiger claim.

18. LMC has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Policies and of the Settlement Agreement identified in the paragraphs above.

19. Notwithstanding its obligation to do so, defendant CPS has failed and refused and continues to fail and refuse to pay the amounts due LMC under the Policies and under the Settlement Agreement identified in the paragraphs above as a result of the Knaiger claim.

20. Said failure and refusal constitutes a material breach of the Policies and of the Settlement Agreement.

21. As a direct and proximate result of said breach, LMC sustained damages in the amount of $200,000, plus interest and costs, in the total amount to be proven at trial in this action.

## SECOND CAUSE OF ACTION
### (Money Due and Owing)

22. LMC incorporates by reference herein, as if fully restated, paragraphs 1 through 21, inclusive.

23. Defendant CPS has become indebted to LMC in the amount of $200,000 exclusive of interest and costs, relating to the unpaid policy premiums, dividends, and coinsurance due and owing as a result of the Knaiger claim.

24. Defendant CPS has failed and refused and continues to fail and refuse to pay the amounts due and owing to LMC, including the payment of any interest and costs.

25. LMC is entitled to recover the amount of $200,000, plus interest and costs, in a total amount to be proven at trial in this action.

///
///
///

## THIRD CAUSE OF ACTION

(Quantum Meruit)

26. LMC incorporates by reference herein, as if fully restated, paragraphs 1 through 25, inclusive.

27. Between December 31, 1997 and the present LMC performed services and labor for CPS, including but not limited to, handling, administering, investigating and paying benefits, costs, charges, and expenses relating to the claim brought by Knaiger against CPS.

28. At all times herein alleged, LMC performed all services in labor herein alleged at the request of CPS.

29. At all times herein alleged, LMC performed all services and labor herein alleged in reliance upon CPS' promise to pay the reasonable value of LMC's services and labor per the Policies and the Settlement Agreement identified in the paragraphs above.

30. CPS has failed and refused and continues to fail and refuse to pay LMC the reasonable amount of $200,000 for services and labor rendered on behalf of CPS.

WHEREFORE, plaintiff Lumbermens Mutual Casualty Company prays for judgment against defendant CPS as follows:

(1) On the first cause of action, for the sum of $200,000;

(2) On the second cause of action, for the sum of $200,000;

(3) On the third cause of action, for costs and expenses incurred by plaintiff in investing and paying benefits, costs, charges, and expenses of defendant's workers' compensation claims, for the sum of $200,000;

(4) On all causes of action, for costs and expenses incurred by plaintiff in investigating and paying benefits, costs, charges, and expenses of defendant's workers' compensation claims;

-8- COMPLAINT FOR BREACH OF CONTRACT

(5) On all causes of action, for interest, including prejudgment interest;

(6) On all causes of action, for costs herein; and

(7) For such other and further relief as the Court deems to be just and proper.

DATED: March 12, 2008         SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: /s/ Brian D. Harrison
BRIAN D. HARRISON
Attorneys for Plaintiff
LUMBERMENS MUTUAL CASUALTY COMPANY

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff Lumbermens Mutual Casualty Company hereby demands a jury trial for this action.

DATED: March 12, 2008         SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: /s/ Brian D. Harrison
BRIAN D. HARRISON
Attorneys for Plaintiff
LUMBERMENS MUTUAL CASUALTY COMPANY

SF/1492106v1

-9- COMPLAINT FOR BREACH OF CONTRACT

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Lumbermens Mutual Casualty Company

### DEFENDANTS
Consolidated Personnel Services, Inc.

(b) County of Residence of First Listed Plaintiff  Illinois
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Arizona
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
One Market Plaza, Steuart Tower, 8th Floor
San Francisco, CA 94105
Telephone: (415) 781-7900  Facsimile: (415) 781-2635

Attorneys (If Known)
Michael W. Murphy, Esq.
Gallagher & Kennedy, PA
2575 East Camelback Road
Phoenix, AZ 85016-9225

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|-----|-----|---|-----|-----|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [X] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|-|--------------------|------------|----------------|
| [X] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | PERSONAL PROPERTY | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | LABOR | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 720 Labor/Mgmt. Relations | [ ] 861 HIA(1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332 [diversity].

Brief description of cause:
Breach of contract, money due and owing and quantum meruit

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND     [ ] SAN JOSE

DATE: March 12, 2008
SIGNATURE OF ATTORNEY OF RECORD: Brian D. Harrison  /s/ Brian Harrison

American LegalNet, Inc.
www.FormsWorkflow.com

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

NORTHERN  District of  CALIFORNIA

LUMBERMENS MUTUAL CASUALTY COMPANY, an Illinois corporation,

V.

CONSOLIDATED PERSONNEL SERVICES, INC., an Arizona corporation,

SUMMONS IN A CIVIL ACTION

CASE NUMBER: MEJ

TO: (Name and address of Defendant)
CONSOLIDATED PERSONNEL SERVICES, INC.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRUCE D. CELEBREZZE  Bar No. 102181
BRIAN D. HARRISON  Bar No. 157123
VANESSA L. O'BRIEN  Bar No. 225699
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA  94105

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING

_____  _____
CLERK                        DATE

(By) DEPUTY CLERK

✎AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                        Date                *Signature of Server*

                                            _____
                                            *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

American LegalNet, Inc.
www.FormsWorkflow.com